UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| E.L. REID a/k/a ELDRED L. REID a/k/a ELDRED LONNIE REID, )<br><br>Plaintiff, )<br><br>VS. )<br><br>PAT CHANDLER, ET AL., )<br><br>Defendants. ) | No. 14-1191-JDT-egb |

ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 12, 2014, Plaintiff E.L. Reid a/k/a Eldred L. Reid a/k/a Eldred Lonnie Reid ("Reid")[1] who was, at the time, incarcerated at the Benton County Jail in Camden, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued August 13, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).[2] (ECF No. 4.) On February 4, 2015, Plaintiff

---

[1] The Clerk is directed to MODIFY the docket to list as aliases the other forms of Plaintiff's name, which were obtained from his resident account summary (ECF No. 2-1) and previous cases he filed in this district, *see, e.g., Reid v. Dep't of Corr.*, No. 94-1167-JDT (W.D. Tenn. Aug. 25, 1994).

[2] Plaintiff failed to disclose that he is a "three strikes" filer pursuant to 28 U.S.C. § 1915(g). *See Reid v. Tirey*, No. 3:97-cv-00216 (M.D. Tenn. Feb. 28, 1997) (dismissing case because Reid had three prior strikes under § 1915(g) and did not allege he was in imminent danger of serious physical injury). Thus, the filing fee in this case was assessed prior to the determination of whether the allegations fall within the exception to § 1915(g).

notified the Clerk that he was no longer in Benton County but was incarcerated in Galveston, Texas. (ECF No. 7.) The Clerk shall record the Defendants as the Benton County Jail ("Jail"), Jail Administrator Pat Chandler; Advanced Medical, which contracts to provide medical care to inmates at the Jail; Shela Brake, a nurse employed by Advanced Medical; and Lisa Hatch, a physician employed by Advanced Medical.

## I. THE COMPLAINT

Reid's filing alleges that he was denied his "[c]ore" basic constitutional rights while he was incarcerated at the Jail. (ECF No. 1 at PageID 2.) Reid's first set of allegations concern the medical treatment available at the Jail. Reid alleges that he should have been sent to a Veterans Affairs ("V.A.") hospital in order to receive reading glasses, to receive treatment for prostate and urinary issues and for dehydration due to his current blood pressure medication, and to receive narcotics for back pain. (*Id.* at PageID 3.) Reid argues the Jail has a "complete lack of medical treatment involving pain." (*Id.* at PageID 8.) He alleges that he never saw a doctor, but was told by Nurse Brake that Dr. Hatch had prescribed his blood pressure medicine. (*Id.* at PageID 4.) Reid contends that he should never have been given that medicine, which he alleges made him sick and dizzy, causing him to fall out of his bed and injure his neck, hip and back. (*Id.*) Reid maintains that he has difficulty walking around and that the cane that he uses is insufficient to assist him with his injuries. (*Id.* at PageID 5.) The Court will presume the allegations regarding the lack of medical care sufficiently allege that Plaintiff was in imminent danger of serious physical injury when the complaint was filed. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (assessment of whether a prisoner is in imminent danger is made at the time of filing).

Reid also includes allegations regarding his criminal proceedings in state court. (*Id.* at PageID 7.) He alleges that his arrest warrant was the result of fruit of the poisonous tree because the police continued to ask him questions even after he requested an attorney to be present. (*Id.*) Reid further alleges that when an attorney was provided, the attorney provided was an attorney, "in name only." (*Id.*)

Reid further alleges that the law library at the Jail is insufficient to address his complaints regarding that facility. (*Id.* at PageID 6.) He alleges that the law library only has a few books and no "USCA" books. (*Id.*) Reid contends the grievance forms do not meet "incarceration standards." (*Id.*) He further alleges that he is not provided with addresses to get complaint forms. (*Id.*)

The only relief sought by Reid is injunctive in nature. He first asks the Court to order that he receive treatment at the V.A. hospital/medical center. Reid further requests that the Court rule the arrest warrant and search and seizure as illegal products of fruit of the poisonous tree, declare his appointed attorney from his criminal trial incompetent, and reprimand the Jail for operating in an unconstitutional manner. (*Id.* at PageID 9.)

## II. APPOINTMENT OF COUNSEL

In his complaint, Reid also seeks appointment of counsel in this case. (*Id.*) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th

Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[3]

Reid has not satisfied the burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case.

## III. ANALYSIS

A. <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2)   seeks monetary relief from a defendant who is immune from such relief.

---

[3] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989).

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual

5

> allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Reid filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law . *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

B.  <u>Mootness</u>

"Article III of the Constitution limits the judicial power to the adjudication of 'Cases' or 'Controversies.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the

7

rights of the litigants."); *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001) (same). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

As indicated, after the filing of the complaint Plaintiff submitted a change of address showing that he is no longer incarcerated at the Jail. Because the only relief Plaintiff seeks in the complaint with regard to his allegations against the Jail, Advanced Medical, and the individual Defendants is declaratory and injunctive, his claims are now moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

C.   Claims Concerning Plaintiff's Criminal Proceedings

Reid's allegations of illegal search and seizure in violation of the Fourth Amendment and his allegations that his trial counsel is ineffective appear to concern ongoing criminal proceedings in state court and are not properly brought against Benton County. However, even if Benton County was the proper Defendant, this Court cannot order that Plaintiff's state criminal charges be dismissed or otherwise interfere in those proceedings. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set

forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. Irreparable injury may be found only where the statute under which the Plaintiff is charged is "flagrantly and patently violative of express constitutional prohibitions, or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief." *Mitchum v. Foster,* 407 U.S. 225, 231 (1972) (internal quotation marks, ellipses and citations omitted). In this case, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense in the criminal proceeding.

Even if Plaintiff has now been convicted of the charges against him, the Court cannot address Fourth Amendment search and seizure claims or Sixth Amendment ineffective assistance claims in this § 1983 case. When a prisoner seeks to challenge his conviction and the validity and/or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

9

## IV. STANDARD FOR LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissals under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

## V. APPEAL ISSUES

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior

to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

## VI. CONCLUSION

The Court DISMISSES Reid's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED because the deficiencies in Reid's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g). IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE